### W. C. LEMERT v. JOHN D. CLARKE ET AL.

1. FAILURE OF SHERIFF TO RETURN NOT REGARDED, AFTER CONFIRMATION OF SALE.

    The failure of the sheriff to file in the clerk's office his return on an *alias* order of sale within 60 days from the date of issuing, is not such an irregularity or neglect in the proceedings, as will be regarded on error after a confirmation of a sale thereunder.

2. PUBLICATIONS IN SEMI-WEEKLY PAPER.

    Where an advertisement of a judicial sale is published in a semi-weekly newspaper, it is not necessary that each insertion should be on the same day of the week.

3. INSERTIONS IN DAILY ON DIFFERENT DAYS OF WEEK.

    Where an advertisment of a judicial sale is published in a daily newspaper, and each insertion is not on the same day of the week, this is not a mere irregularity in the proceedings, but is such a defect as that a motion to set aside the sale made thereunder, on that ground, made before confirmation, should be sustained.

ERROR to the Court of Common Pleas of Franklin county.

STEWART, J.

This is a proceeding error to reverse an order of the court below in confirming a sale made under an *alias* order of sale issuing from that court.·

It appears from the record that the *alias* order of sale was issued July 3d, 1883; that the property was sold August 25th, 1883, for more than two-thirds of the appraised value, and that the *alias* order of sale was not returned and filed in the clerk's office until October 29, 1883.    It further appears that the property was advertised for sale under this *alias* order in the *Daily Times*; the first publication being on Monday, July 23d; the second, on Tuesday, July 31st; the third, on Monday, August 6th, the fourth, Monday, August 13th, and the last, Monday, August 20th.    That the advertisment in German was made in the semi-weekly edition of *Der Westbote* on the following dates:    Wednesday, July 25th; Saturday, August 4th; Wednesday, August 8th; Wednesday, August 15, and Wednesday, August 22d.

The errors complained of are that the court erred in confirming the sale, because:

1. The *alias* order of sale was not returned and filed within 60 days after it was issued, and

2. Said advertisements of the sale were not inserted in the daily and semi-weekly editions of the several papers on the same day in each consecutive week.

These objections were made by motion before the confirmation of the sale, but the court overruled the motion and confirmed the sale.

As to the first assignment of error, we do not think it is such an irregularity as would call upon this court to reverse the court below for overruling that part of the motion, if indeed it was necessary for the *alias* order of sale to be filed in the clerk's office in order to be returned.    Conkling v. Parker, 10 O. S., 28.

The second ground of error, that in regard to the defect in the advertisement, is a more serious one, it appearing from the record, that the advertisement was not made in compliance with the requirements of Rev. Stat., sec. 5393, which, so far as essentials in this case, are as follows:

"Land and tenements taken in execution shall not be sold until the officer causes to be given public notice of the time and place of sale, at least thirty days before the day of sale by advertisment in a newspaper, etc.,  *  *  *  when the advertisement is made in a newspaper published weekly, it shall be sufficient to insert it in five consecutive numbers thereof;  *  *  *  if the lands and tenements taken in execution are situated in any city in this state, and there is published both a daily and weekly edition of the newspaper selected for such advertisement  *  *  *  it shall be sufficient to publish the advertisement in the daily once a week, for five consecutive weeks, before the day of sale, each insertion to be on the same day of the week;  *  *  *  and all sales made without such advertisement shall be set aside, on motion, by the court to which the execution is returnable.

It must be borne in mind that this is not a proceeding to attack the deed of a purchaser, but an objection raised before confirmation.

Although it has been said by the Supreme Court (Ins. Co. v. Goodwin, 10 O. S., 566) that on a motion to confirm a sale, a court has a discretionary power, this means a sound legal discretion. If this is true in its broadest sense, yet it has not prevented the Supreme Court from reviewing and reversing on error an order confirming a sale. Reed v. Radigan, 42 O. S., 292.

There seems to be nothing in sec. 5393, or in any other which we can find, requiring the advertisement to be made on the same day of the week in the semi-weekly edition of any paper; but without deciding, for it is not necessary to do so in this case, we might say that probably such a publication would fall within the rule laid down in Hagerman v. Loan Ass'n. 25 O. S., 186, and Wilson v. Scott, 20 O. S., 636, and if the first publication was thirty days prior to the sale, it would be sufficient.

But in regard to the daily paper, the provision is express that each insertion must be on the same day in each week. If this may be varied for one reason, it may be for another, and the advertisement may appear on a different day each week. For some wise purpose, we must presume, the legislature inserted this requirement in this section, and it is for courts to follow the law, especially when its provisions are plain, and its requirement clear. While we find no cases in Ohio exactly in point, in the case of Wilson v. Scott, *supra*, Judge McIlvaine in speaking of such advertisements says: "When published in a daily paper, it is sufficient to insert it in the paper once a week for five consecutive weeks, but in such case it must appear on the same day in each week." In the view which we take of this statute, we have arrived at the same conclusion, and hold that the failure to insert the publication, when made in a daily paper, on the same day in each week, as in the case at bar, is not a mere irregularity which may be regarded or not in the discretion of the court, but is such a failure to comply with the law, that a court, when properly advised thereof, ought to set aside the sale, and in so holding we give effect not only to that requirement of the statute, but also to the latter clause thereof which says: "All sales made without such advertisement (*i. e.*, such advertisement as is provided for by this section, and in the manner therein provided) *shall be set aside*, on motion, by the court to which the execution is returnable.

The motion was made on this ground, viz.: that such advertisement had not been made as required by law, and was made before confirmation, but the court overruled it, and confirmed the sale. In this we think the court below erred, and the judgment will therefore be reversed with costs, and the cause remanded.

W. O. Henderson, for plaintiff.

W. J. Clarke, for defendant.